# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RONALD EARL ALEXANDER,**     **PETITIONER**

**V.**     **NO. 4:07CV140-P-B**

**RAYMOND BYRD, et al.,**     **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Ronald Earl Alexander for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

### A. Factual and Procedural Background

Alexander was convicted of two counts of sexual battery, attempted sexual battery and attempted capital rape in the Circuit Court of Sunflower County, Mississippi. Alexander was sentenced to a total of forty years for all charges. On January 9, 2001, the Mississippi Court of Appeals affirmed Alexander's conviction and sentences. *See Alexander v. State*, 811 So.2d 272 (Miss. App. 2001). Following the denial of his appeal, Alexander failed to file any further motions or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). On June 28, 2007, however, Alexander filed a self-styled application for leave to pursue post-conviction relief. The application for leave was denied as untimely by the Mississippi Supreme Court on July 18, 2007.

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1). Mississippi Rules of Appellate Procedure allow fourteen days after a decision is rendered to file a motion for rehearing. Since Alexander failed to pursue a motion for rehearing the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Thus, Alexander's judgment became final fourteen days after the Court of Appeals affirmed his conviction.

The Court of Appeals decision was dated January 9, 2001. In the absence of any further review, Alexander's sentence and conviction became final on January 23, 2001, the date on which his time for seeking further review in state court expired. Under the AEDPA, Alexander then had one year to seek federal review of his judgment. In order to be timely, Alexander's petition should have been filed on or before January 23, 2002. Alexander did not file this petition until August 22, 2007, approximately 2037 days too late. Furthermore, because Alexander did not file a proper post-conviction application in the state courts, the AEDPA's tolling provision is not applicable.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner has not alleged the type of "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath new life into the petition. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 22nd day of October, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE